# UNITED STATES DISTRICT COURT
Eastern District of California

# Petition For Warrant For Offender Under Supervision

**Name of Offender:** Eddie Bojorquez  **Docket Number:** 0972 1:09CR00255

**Name of Judicial Officer:** United States District Judge Lawrence J. O'Neill

**Date of Original Sentence:** 12/11/2009

**Original Offense:** 18 U.S.C. § 2250(a), Failure to Register as a Sex Offender (CLASS C FELONY)

**Original Sentence:** 13 months Bureau of Prisons; 10 years TSR; Mandatory Testing; $100 SA; DNA Collection.

**Special Conditions:**

Warrantless Search
Drug/Alcohol Treatment
Drug/Alcohol Testing
No Alcohol
Mental Health Treatment
Aftercare Co-payment
No Contact With All Minors
Pre-Approved Residence
Registration (sex)

**Type of Supervision:** TSR

**Date Supervision Commenced:** 6/3/2010

**Other Court Actions:**

03/22/2011: Probation Form 12A, Report of Non-Compliance, submitted to the Court based on marijuana use detected on January 7, 2011.

04/19/2011: Probation Form 12B, Petition to Modify Conditions, filed to include: 1) Mental Health Treatment. This was based on the defendant experiencing martial/family issues and depression.

05/03/2011: Probation Form 12B, Petition to Modify Conditions, filed to include: 90-day residential

|  |  |
|---|---|
| | placement at WestCare, in Fresno, California. |
| **10/09/2015**: | Probation Form 12C, Petition for Warrant for Offender Under Supervision, filed with the Court based on 1) Failure to Notify of Law Enforcement Contact; 2) Failure to Report to the Probation Officer as Directed**.** |
| **11/17/2015** | Admitted petition as alleged. Dispositional hearing set for December 14, 2015. |
| **12/14/2015** | <u>Dispositional Hearing:</u>  Supervised release revoked.  The offender was sentenced to 5 Months Bureau of Prisons; 12 Months Supervised Release.<br><u>Special Conditions:</u> 1) Search; 2) Participate in drug treatment as directed; 3) Participate in drug testing as directed; 4) Abstain from alcohol; 5) Participate in mental health treatment as directed; 6) Aftercare co-payment; 7) No unapproved contact with minors; 8) Residence shall be pre-approved; 9) Register as sex offender. |
| **01/28/2016** | Term of Supervised Release re-commenced. |

## PETITIONING THE COURT

☐ **TO ISSUE A WARRANT**

☐ **TO ISSUE A SUMMONS**

☒ **OTHER:** NO BAIL Warrant to be lodged as a detainer with the Tulare County Sheriff's Department Jail in reference to booking number 09-7842.

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**          **Nature of Violation**

**Charge 1**              **UNAUTHORIZED USE OF ALCOHOL**

On or about March 31, 2016, the offender consumed alcohol. This is in violation of the special conditions number 4, to wit: The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

**Charge 2**          **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On March 31, 2016, during a telephone conversation with the offender, he admitted he had recently smoked marijuana in violation of the general condition, to wit: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance.

**Justification:** This offender re-commenced supervised release on January 28, 2016, after completing imprisonment on a violation of supervised release.

The offender's adjustment under supervision has been unsatisfactory. This offender was admonished last month for admitting to alcohol use during an employment contact. He was reminded that his conditions preclude him from consuming alcohol.

During the telephonic conversation with this offender on March 31, 2016, this officer was concerned for both the offender and the community. The offender sounded intoxicated and admitted to substance abuse. He also appeared to be in a highly emotional state and stated his "life sucked". He admitted he still had unopened beer containers that he planned on consuming.

On this same date, shortly after his telephonic conversation with the probation officer, the offender was contacted by officers from the Dinuba Police Department and was arrested for public intoxication.

Though this offender does not have a lengthy prior record, it is serious. His prior convictions are both violent and include convictions for: Sexual conduct with a minor; Dangerous crimes against children, and Assault/Domestic violence.

As a result of the above information, a No-Bail warrant is requested.

    **Custody Status/Location** –*Tulare County Sheriff's Department*

    **Booking/CDCR Number** – 09-7842

**Detention:** In view of the defendant's serious underlying offense and his violation behavior, he is viewed as a danger to himself and the community. As a result, it is recommended that he remain detained pending the revocation process.

RE: **Eddie Bojorquez**                                    **Docket Number: 0972 1:09CR00255**

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   **March 31, 2016**
                   **Visalia, California**

                                                    Respectfully submitted,

                                                    **/s/ Yasmin Villegas**
                                                    **YASMIN VILLEGAS**
                                                    **Senior United States Probation Officer**
                                                    Telephone: (559) 734-2933

**DATED:**   3/31/2016

                                                    Reviewed by,

                                                    **/s/ Lonnie E. Stockton**
                                                    **LONNIE E. STOCKTON**
                                                    **Supervising United States Probation Officer**

RE: **Eddie Bojorquez**                      **Docket Number: 0972 1:09CR00255**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant. No Bail

☐ The issuance of a summons (copy to Defense Counsel).

☐ Other: NO BAIL Warrant to be lodged as a detainer with the Tulare County Sheriff's Department Jail in reference to booking number 09-7842.

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

IT IS SO ORDERED.

Dated: **March 31, 2016**             /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Mark McKeon

United States Marshal Service

RE: **Eddie Bojorquez**                                **Docket Number:** 0972 1:09CR00255

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Lawrence J. O'Neill
United States District Judge
Fresno, California

                          RE:     Bojorquez, Eddie
                          **Docket Number:** 0972 1:09CR00255

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant for Offender Under Supervision.

Charge 1: **FAILURE TO ABSTAIN FROM ALCOHOL**

     a. **Evidence:**

         i. Dinuba Police Report number DM1601228, dated March 31, 2016.

     b. **Witness:**

         i. Senior United States Probation Officer Yasmin Villegas will testify regarding telephone conversation with offender on March 31, 2016, wherein offender admitted to alcohol use. Furthermore, this officer will testify regarding receipt of the Dinuba Police Department report regarding arrest for public intoxication.

        ii. Arresting Dinuba Police officer will testify as to the circumstances of the arrest on March 31, 2016.

Charge 2:    **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

     a. **Witness:**

         i. Senior United States Probation Officer Yasmin Villegas will testify regarding a telephonic conversation with the offender on March 31, 216, wherein he admitted to marijuana use.

           PROB 12C
(07/13)

RE: **Eddie Bojorquez**             **Docket Number: 0972 1:09CR00255**

Respectfully submitted,

**/s/ Yasmin Villegas**
**YASMIN VILLEGAS**
**Senior United States Probation Officer**
Telephone: (559) 734-2933

**DATED:** 3/31/2016
Visalia, California

Reviewed by,

**/s/ Lonnie E. Stockton**
**LONNIE E. STOCKTON**
**Supervising United States Probation Officer**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**   Eddie  Bojorquez              **Docket Number:**   0972 1:09CR00255

**Date of Original Offense:**   12/11/2009

**Original term of supervised release imposed:** 10 years

**Highest grade of violation alleged:** C

**Criminal History Category of offender:** III

**Original guideline range:** 21 **to** 27 **months.**

**Chapter 7 range of imprisonment:** 5 **to** 11 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

- ☐     **Class A felony - 5 years**
- ☐     **Class B felony - 3 years**
- ☒     **Class C and/or D felony - 2 years**
- ☐     **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:   YES: ☐    NO: ☒**

**<u>Original offense committed on or after 04/30/2003</u>**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**<u>Original offense committed before 09/13/94:</u>**  Title 18 USC 3583 instructs that supervision be revoked upon a finding of possession of a controlled substance.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."  A possession finding requires the imposition of a sentence not less than one-third of the term of supervised release.

**<u>Original offense committed after 09/13/94:</u>**   Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

RE: **Eddie Bojorquez**                                    **Docket Number: 0972 1:09CR00255**

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.